**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**ALICE EASTWOOD,** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:23cv05052-TLB**

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** **DEFENDANT**

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Lincoln Life Assurance Company of Boston ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Alice Eastwood, and alleges as follows:

**Introduction**

1. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint does not contain any allegations to which Lincoln must respond, but only states an exhibit is attached to the Complaint. To the extent a response is required, Lincoln admits that Exhibit 1 to Plaintiff's Complaint appears to contain a copy of the Group Disability Income Policy No. GD/GF3-850-290765-01 (the "Policy") issued by Lincoln to Walmart Inc. ("Walmart"). Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

## **Parties**

3. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is lawfully authorized to do business in Arkansas. Lincoln admits that it was properly served with summons in this action. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

## **Jurisdiction**

5. Lincoln admits that the United States District Court for the Western District of Arkansas has jurisdiction over this action under ERISA. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that the United States District Court for the Western District of Arkansas has jurisdiction over this action under ERISA. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

## **Venue**

7. Lincoln admits that the United States District Court for the Western District of Arkansas has jurisdiction over this action and that venue of this action is proper in this Court. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

## **Facts**

8. Lincoln admits that it issued the Policy to Walmart which, at certain times, insured benefits from the Walmart Inc. Associates' Health and Welfare Benefit Plan (the "Plan")

sponsored by Walmart. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that Walmart sponsored the Plan to provide short-term disability ("STD") benefits and long-term disability ("LTD") benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits Plaintiff was, at certain times, an employee of Walmart, and was, at certain times, a participant in the Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. To the extent that the allegations contained in Paragraph 11 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. To the extent that the allegations contained in Paragraph 12 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. To the extent that the allegations contained in Paragraph 13 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits Plaintiff was, at certain times, employed by Walmart as a Senior Director I, Compliance. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain documents concerning Plaintiff's job description at Walmart and own occupation are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln

refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain documents concerning Plaintiff's earnings at Walmart are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that Plaintiff's last day of work at Walmart was January 14, 2019. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. To the extent that the allegations contained in Paragraph 18 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits Plaintiff submitted a claim for, and at certain times received, STD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits it sent a letter dated February 2, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that, at certain times, Plaintiff received LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln denies the allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further LTD benefits from the Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further LTD benefits from the Plan under the Policy, along with additional documentation, which are

contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits it sent a letter dated June 15, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint does not contain any allegations to which Lincoln must respond.

28. Lincoln admits it received a letter dated September 1, 2021, from Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits it sent a letter dated September 14, 2021, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln denies the allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits, upon information and belief, that Plaintiff has returned to work with another employer. Lincoln is without sufficient information to either admit or deny the allegation regarding any alleged accommodations made by Plaintiff's current employer. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln denies the allegations contained in Paragraph 32 of the Complaint.

33. Lincoln incorporates its responses contained in Paragraphs 1 through 32 as if fully stated herein.

34. To the extent that Paragraph 34 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln incorporates its responses contained in Paragraphs 1 through 34 as if fully stated herein.

36. Lincoln denies the allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies the allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies the allegations contained in Paragraph 38 of the Complaint.

39. Lincoln denies the allegations contained in Paragraph 39 of the Complaint.

40. Lincoln denies the allegations contained in Paragraph 40 of the Complaint.

41. Lincoln denies the allegations contained in Paragraph 41 of the Complaint.

42. Lincoln denies the allegations contained in Paragraph 42 of the Complaint.

Lincoln denies the allegations contained in the Prayer for Relief of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long-term disability benefits from the Plan under the Policy was arbitrary and capricious or an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 12th day of April.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR LINCOLN LIFE
ASSURANCE COMPANY OF BOSTON

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Neil Chamberlin, Esq.
Email: neil@mcmathlaw.com

April 12, 2023 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers